UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARLOS ABREU,

                    Petitioner,

          -against-

WILLIAM A. LEE,

                    Respondent.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/16
```

13 Civ. 4697 (AT)(KNF)

**ORDER ADOPTING
REPORT AND
<u>RECOMMENDATION</u>**

ANALISA TORRES, District Judge:

      On July 3, 2013, Carlos Abreu filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for one count of first-degree murder, two counts of first-degree robbery, two counts of first-degree burglary, one count of second-degree criminal possession of a weapon, and one count of third-degree criminal possession of a weapon. On August 13, 2013, the Court referred the matter to Magistrate Judge Kevin Nathaniel Fox for a Report and Recommendation ("R & R").

      After careful consideration, Judge Fox issued an R & R recommending that the petition be denied. *See* R & R 16, ECF No. 20. Both parties filed objections. Resp't Objs., ECF No. 22; Pet'r Objs., ECF No. 28.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the R & R to which an objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). "However, to the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R & R] strictly for clear error." *Kirk v. Burge*, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009).

      Respondent's sole objection is that Judge Fox erred in holding sub silentio that Petitioner's second and third claims were not procedurally defaulted. Resp't Objs. 2. Respondent "contends that the Court should not even reach the merits of those claims because they, too, [like Petitioner's first and fourth claims,] are procedurally defaulted." *Id.* Specifically, Respondent argues, "[P]etitioner failed to claim in the New York Court of Appeals that the admission of the out-of-court statement by one accomplice to the other and the admission of the prior consistent statement of a testifying accomplice violated federal law." *Id.*

      Petitioner's objections largely restate his original arguments. He reiterates his challenge to what he alleges was the improperly admitted testimony of a coconspirator, stressing that this testimony was a key component of the evidence supporting the jury's verdict. *See* Pet'r Objs. 1, 3. He also argues that the state-court record must be examined "to determine whether the Petitioner . . . had received the constitutionally required due process," *id.* at 2., and "whether the

State court[']s factual determination is fairly supported," *id.* at 4.[1]  Although Petitioner's objections are not "specific and clearly aimed at particular findings in the magistrate's proposal," *Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS)(GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008), "leniency is generally accorded" to the objections of a *pro se* habeas petitioner, *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Vasquez v. Reynolds*, No. 00 Civ. 0862 (RMB)(KNF), 2002 WL 417183, at *5 (S.D.N.Y. Mar. 18, 2002)).  Even upon *de novo* review, the Court finds that each of Petitioner's claims must fail.

A complete review of the petition, the record, and the parties' submissions shows that all of Petitioner's federal claims, even liberally construed, are barred by procedural default.  Judge Fox correctly found that Petitioner raised neither his sufficiency-of-the-evidence nor his jury-notes claims before the New York Court of Appeals.  R & R 14.  But as Respondent points out, Petitioner also failed to raise his confrontation and due-process claims to the state's highest court.  Resp't Objs. 2.  Indeed, Petitioner's letters to the New York Court of Appeals raised only two issues, both state-law claims: (1) the admissibility of the coconspirator's statements under New York state evidentiary law and (2) the propriety of the use of consecutive sentences under New York state criminal law.  *See* Resp. Ex. B, at 1, ECF No. 17-1; *id.* Ex.D, at 1; *id.* Ex. K, at 1.  Petitioner did urge a reversal of his convictions "for all the other reasons stated in the briefs [he] submitted to the Appellate Division," *id.* Ex. K, at 7, and in those briefs he had cited to the Sixth and Fourteenth Amendments, *id.* Ex. G, at 25, 33.  But the Second Circuit has held that an appellant whose letter to the New York Court of Appels expressly raises some claims but not others has procedurally defaulted as to those not raised. *Jordan v. Lefevre*, 206 F.3d 196, 198-99 (2d Cir. 2000) (affirming a finding of procedural default where the letter sought to appeal the petitioner's conviction "for all these reasons and the reasons set forth in his Appellate Division briefs" (alteration omitted)).  The Court notes that Petitioner was represented by counsel before the New York Court of Appeals, and "Petitioner's counsel has the obligation to set out" each claim in order to avoid default. *Id.* at 199.

Accordingly, each of Petitioner's federal claims suffers from procedural default. Petitioner has not attempted to make a showing of actual innocence, nor has he shown cause for the default, *see* R & R 14, and the Court is not aware of any.  As a result, the Court is precluded from considering his claims. *Aparicio v. Artuz*, 269 F.3d 78, 91 (2d Cir. 2001) (citing *Coleman v. Thompson*, 501 U.S. 722, 748-49 (1991), *superseded by statute on other grounds*, 28 U.S.C. § 2254(b)(2)).

The Court therefore accepts Respondent's objections, rejects Petitioner's objections, and ADOPTS Judge Fox's R & R in part as described above.  The petition for a writ of habeas corpus is DENIED.

The Clerk of Court is directed to dismiss the petition and close this case.  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal would not be taken in good faith.  Further, as Petitioner has not made a substantial showing of the denial of a constitutional right, the Court will not issue a

---

[1] Here Petitioner cites to 28 U.S.C. § 2254(d)(1)-(8), but those provisions were replaced by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, § 104, 110 Stat. 1214, 1218-19.

certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).  The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se* along with a copy of each unreported case cited herein.

       SO ORDERED.

Dated: August 5, 2016
       New York, New York

_____
          ANALISA TORRES
       United States District Judge